SHULMAN *v.* LERNER.

1. PHYSICIANS AND SURGEONS—UNAUTHORIZED SURGERY—ASSAULT AND BATTERY.
Surgery performed without patient's consent and not under emergency situation is an unwarranted touching constituting an assault and battery.

2. SAME—CONSENT TO SURGERY—FAILURE TO REMONSTRATE—PRIOR TREATMENTS.
Claim that failure of plaintiff, a dentist, to remonstrate to surgery on eyelid constituted consent *held*, without merit, where

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Physicians and Surgeons § 108.
Liability of physician or surgeon for extending operation or treatment beyond that expressly authorized. 56 ALR2d 695.
[2] 6 Am Jur 2d, Assault and Battery § 155.
Malpractice in eye treatment and surgery. 68 ALR2d 426.
[3] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*

the eye was draped with a sterile towel and anesthetized, as plaintiff could neither see nor feel the surgery as it progressed, and previous infections had been treated without surgery.

3. APPEAL AND ERROR—NONJURY CASE—COURT OF APPEALS.
   Court of Appeals will not substitute its judgment for that of trial court in a nonjury case unless preponderance of evidence is clearly contrary to findings of trial judge.

Appeal from Wayne; Bowles (George E.), J. Submitted Division 1 December 9, 1965, at Detroit. (Docket No. 846.) Decided April 12, 1966.

Declaration by Albert B. Shulman against Leonard Lerner for damages arising from the performance of surgery on plaintiff's eyelid. Judgment for·plaintiff. Defendant appeals. Affirmed.

*Gussin, Weinstein & Kroll* (*William J. Weinstein*, of counsel), for plaintiff.

*Giltner, Taub & Still* (*Justin L. Giltner*, of counsel), for defendant.

BURNS, J. This is an action for damages for failure by the defendant physician to obtain the consent of the plaintiff to perform surgery upon him.

· In January of 1959 the plaintiff went to the defendant, an ophthalmologist, with what seemed to be a sty on his left eye. Prior to this time, in 1954 and 1956, defendant had similar difficulty and had treated with a Dr. Stocker, an associate of the defendant, who had merely punctured the infected area and removed the infection. As Dr. Stocker was out of town, plaintiff consulted with the defendant, who diagnosed the condition as infected Meibomian glands on the lower left eyelid (marginal chalazia), and informed the plaintiff that the marginal chalazia would have to be opened and drained in order to

relieve the pain. Defendant then administered a local anesthetic in the eye, draped the lid with a sterile towel with a circular perforation in the center, and removed some Meibomian glands and also a freckle from the eyelid. In the course of the operation the tarsus which supports the eyelid was cut, thus causing the lid to droop. A patch with antibiotic ointment was applied.

Upon arriving home plaintiff experienced acute pain in the area of the left eye and so informed Dr. Lerner by telephone. The defendant then told the plaintiff that he could expect some pain after surgery. Plaintiff was disturbed, and informed Dr. Lerner that he did not desire any surgery and this was the first time he had any knowledge that surgery was performed on his eyelid.

Plaintiff alleged there was no conversation between the parties relating to Dr. Lerner's diagnosis of the condition and intended treatment.

Plaintiff claimed his out-of-pocket expense amounted to $120 for medical treatment, and special damages amounted to $2,000 in loss of income.

Since surgery and up to the time of trial, plaintiff had experienced constant irritation in the area, and had undergone 3 subsequent operations on the eye.

As an affirmative defense the defendant claimed that the plaintiff, a dentist by profession, was familiar with surgical techniques and observed the preparation of a syringe and the draping of the eye without remonstration, thus granting consent.

The trial court granted judgment in the amount of $12,500 and the defendant appeals.

This is not a case of claimed malpractice, the surgical procedure not being questioned, but rather that the consent of the patient was not obtained; *i.e.,* an unwarranted "touching" constituting assault and battery.

The definitive case on this subject in Michigan is *Franklyn* v. *Peabody* (1930), 249 Mich 363, where our Supreme Court stated, pp 367, 368:

"The operation on plaintiff's finger was not a major one, and the disclosure, when the finger and palm were opened, presented no emergency authorizing an operation on her thigh to obtain tissue for the finger. The case does not present the essentials of an implied authority arising from discovery, while performing an operation, of a condition so serious to the life or health of the patient as to demand a more extended or a further operation without consulting the patient. * * * The operation on plaintiff's thigh constituted an assault, not justified by any emergency, and not authorized by plaintiff or within the implied appointment of the surgeon employed to operate upon the finger."

See, also, *Zoski* v. *Gaines* (1935), 271 Mich 1.

The present case is even more flagrant. The plaintiff, Dr. Shulman, was fully conscious, and could easily have been informed and his consent obtained (or denied). The defendant physician was consulted for an infected gland in the eyelid. No mention was made as to removal of the freckle, and from the record, its removal was unauthorized and unwarranted. Obviously, no emergency existed, and while the defendant's surgical procedure is not questioned, he nevertheless should have informed the plaintiff.

The defendant's claim that the plaintiff, being a dentist, knew that surgery was being performed and made no remonstrance, is without merit. The eye was draped with a sterile towel and anesthetized, thus he could not see or feel the surgery as it progressed. Previously the infections had been removed by nonsurgical procedure; certainly it was not unreasonable for him to assume the same was to be done on his visit to Dr. Lerner.

Unless the preponderance of evidence is clearly contrary to the findings of the trial judge, we will not substitute our judgment for that of the trial court. *Barnes* v. *Beck* (1957), 348 Mich 286.

Judgment of the trial court is affirmed. Costs to appellee.

WATTS, P. J., and J. H. GILLIS, J., concurred.